Andrew G. Deiss (7184)
David Ferguson (16043)
Corey D. Riley (16935)
DEISS LAW PC
10 West 100 South, Suite 700
Salt Lake City, Utah 84101
(801) 433-0226
deiss@deisslaw.com
dferguson@deisslaw.com
criley@deisslaw.com
   *Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| LESLIE ABNER, Plaintiff,<br><br>v.<br><br>ERIC HOUSTON, in his individual capacity, JOHN DOE I-V; Defendants. | COMPLAINT FOR VIOLATION OF CIVIL RIGHTS<br><br>(Non-Prisoner Complaint)<br>Jury Demanded<br><br>Case No.<br><br>Judge: |

Plaintiff Leslie Abner, by and through undersigned counsel, alleges as follows:

## Introduction

This is a civil action arising from the unlawful arrest of Leslie Abner on or about December 28, 2018. Defendant member of Garfield County Sheriff's Office arrested Abner without probable cause and in violation of Utah law, and used unreasonable and unnecessary force during the arrest, causing injuries. The Defendant is sued for violations of Abner's rights under the Utah and United States Constitution.

## Jurisdiction, Venue, and Parties

1. This action is brought under 42 U.S.C. § 1983 for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]."

2. Section 1983 allows defendants to be found liable when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia."

3. This Court has jurisdiction to hear the federal civil rights violations in this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)–(4) and supplemental jurisdiction to hear the common law claims under 28 U.S.C. 1367.

4. Venue is proper under 28 U.S.C. § 1391 because the acts giving rise to this lawsuit occurred in Panguitch, Utah.

5. The Plaintiff, Abner, at all times relevant has been a resident of Utah.

6. At all times relevant to the Complaint, Defendant Eric Houston was a duly sworn and licensed police officer of Garfield County Sheriff's Office acting under color of law and within the scope of his employment. He is sued in his individual capacity.

7. John Does I-V are officers who assisted Defendant and who, on information and belief, contributed to Ms. Abner's damages.

## General Allegations

8. On December 28, 2018, Houston submitted a search warrant application to the Sixth Judicial District Court in and for Garfield County.

9. Houston's affidavit for search warrant (a true and correct copy is attached at Exhibit 1) sought "evidence of the crime or crimes of Drug possession and use."

10. Specifically, Houston sought a "no-knock" search warrant of Abner's person and property, including "bodily fluids" and other "evidence of illegal conduct."

11. Houston stated the following factual basis in support of the application for the search warrant:

   I have been a law enforcement officer for 19 years with the Garfield County Sheriff's Office. I have worked numerous drug cases in my career. I have also worked with Adult Probation and Parole agents on numerous home visits. I have attended several drug and alcohol recognition training's during my career.

   On 12/25/2018 Sheriff Perkins and Deputy Moore were called to do a welfare check on Leslie Abner. Abner had called her boyfriend and was making statements that concerned him about her wellbeing. Abner had been telling her boyfriend that all of her electronic equipment was being hacked and that people were outside of her home.

   Sheriff Perkins and Deputy Moore went to the residence of Abner here in Panguitch at approximately 350 East Center Street. While on the way to the residence they were able to speak with Abner on the phone. Abner stated that she felt like the police were following her and tracking every movement that she made. When Sheriff Perkins and Deputy Moore arrived Leslie Abner stepped into the open and waved at them. Abner then retreated into the home and shut the door. Abner stated that she would not come out and speak with them and wanted to see a warrant. Sheriff Perkins could see several sores on Abner's face. Abner also appeared to be incredibly thin. Abner made the statement to Deputy Moore that she had not eaten for 10 days and that she had lost 10 pounds over that time frame. Abner made reference to being monitored by the police again and was talking about the police being in the house next door and hacking into her electronic equipment. Deputy Moore and Sheriff Perkins left the home that night. Again on 12/26/2018 Leslie Abner called the dispatch. Abner was again showing signs of paranoia and talking about the police monitoring her and would again like to speak to the officers that are following her.

> The dispatch received a phone call again on 12/27/2018 from Abner. Abner again was having the paranoia and talking about the police following her and would again like to speak with them. Abner was terminated unsuccessful from parole in October of 2018. Abner has extensive drug history relating to the use of alcohol and drugs. Abner has a total of 13 incidents with 6 convictions five of which are felonies.
>
> Due to the 85 years of combined training and experience that we have had it appears that Abner has a drug problem as well as possible mental illness. The sores, weight loss and paranoia are all consistent with the use of methamphetamine.

12. Houston is a person for purposes of 42 U.S.C. § 1983.

13. At all times relevant to this claim, Houston was acting under the color of state law in his capacity as a Deputy Garfield County Sheriff.

14. Abner had a clearly established constitutional right under the Fourth Amendment to the United States Constitution to be secure in her person and property against unreasonable search and seizure.

15. At all times relevant to this claim, it was clearly established that law enforcement cannot forcibly enter a person's house for the sole purpose of possession of drugs. Utah Code § 77-7-8(3) and Utah Code § 77-23-210(8).

16. The intrusion into the home resulted in an altercation with law enforcement. As a result of that altercation Ms. Abner has suffered physical injuries.

17. Ms. Abner has also suffered emotional distress from the traumatic experience of the forcible entry.

<u>First Claim for Relief</u>
42 U.S.C. 1983—Fourth Amendment Through Fourteenth Amendment
Unlawful Search and Seizure

18. The Fourth Amendment of the United States Constitution governs all searches and seizures conducted by government agents.

19. The amendment contains two separate clauses (1) a prohibition against unreasonable searches and seizures, and (2) a requirement that probable cause supports each warrant that is issued.

20. A search is a governmental intrusion onto private property for the purpose of obtaining information or a governmental violation of a person's legitimate expectation of privacy.

21. For the seizure of a person, the Fourth Amendment applies to government actions that terminate freedom o movement through means intentionally applied. Seizure of a person occurs when a reasonable person, under an objective standard, would not feel free to leave, decline the officers' requests, or otherwise terminate the encounter.

22. Seizure of property occurs when a governmental intrusion meaningfully interferes with an individual's possessory interest.

23. Defendant Houston's actions, as described herein, were undertaken intentionally, maliciously, willfully, wantonly, and/or in reckless disregard of Ms. Abner's federally protected rights.

24. Defendant Houston's actions deprived Ms. Abner of her constitutional rights and caused her other damages.

25. On information and belief, John Does I-V, aided and abetted as well as independently caused the same violation of right that Houston did.

26. As a proximate result of Defendants' unlawful conduct, Ms. Abner have suffered actual physical and emotional injuries in amounts to be determined at trial. These injuries include, but are not limited to, loss of constitutional, federal, and state rights and property damage.

<u>Second Claim for Relief</u>
42 U.S.C. 1983—Fourth Amendment Through Fourteenth Amendment
Unlawful Warrant

27. Plaintiff incorporates and realleges all proceeding facts.

28. A search warrant protects an individual's reasonable expectation of privacy—especially in his or her home—and possessions against unjustified police intrusions.

29. The warrant authorizing the search was plainly invalid.

30. Utah law makes it unreasonable for warrants of this nature to be sought and issued.

31. Officer Houston was on notice through the law as well as through the language in the warrant that such a warrant was not allowed or reasonable.

32. Due to the drafting and execution of an unlawful warrant Ms. Abner suffered damages at an amount to be proven at trial.

### Third Claim for Relief
42 U.S.C. 1983—Fourth Amendment Through Fourteenth Amendment
Excessive Force

33. Plaintiff incorporates and realleges all proceeding facts.

34. Officer Houston, both as an individual and supervisor over other officers on scene, used, directed, and oversaw force against Ms. Abner in the execution of the unlawful warrant.

35. The force was intentional and in excess of what was reasonable given the claimed reasons for using force and also because the force was used in connection with an unlawful search.

36. On information and belief, John Does I-V, aided and abetted as well as independently caused the same violation of right that Houston did.

37. Due to the excessive force Ms. Abner suffered damages at an amount to be proven at trial.

### Fourth Claim for Relief
42 U.S.C. 1983—Fourteenth Amendment Procedural Due Process

38. Plaintiff incorporates and realleges all proceeding facts.

39. Ms. Abner has constitutional rights to both liberty and privacy that may not be infringed upon without due process of law.

40. Utah's legislature has decided that forcible entry (including warrants authorizing forcible entry) into a person's home for the purpose of drug use or possession is illegal.

41. Because of that prohibition, warrants of this nature may not be authorized or executed and the authorization and execution of the warrant is unjustified.

42. Due to the deprivation of procedural due process Ms. Abner suffered damages at an amount to be proven at trial.

### Fifth Claim for Relief
42 U.S.C. 1983—Fourteenth Amendment Substantive Due Process

43. Plaintiff incorporates and realleges all proceeding facts.

44. Ms. Abner has constitutional rights to both liberty and privacy.

45. The very concept of a warrant to enter someone's home to force that individual to submit to a drug test violates foundational principles of the Fourth Amendment and the right to privacy.

46. Officer Houston's acts in seeking such a warrant and executing it shocks the conscience.

47. Furthermore, Utah's legislature has decided that such a warrant is illegal, protecting the right of liberty and privacy by prohibiting warrants of this nature.

48. Due to the deprivation of substantive due process Ms. Abner suffered damages at an amount to be proven at trial.

Sixth Claim for Relief
State Claim—Utah Const. art. I § 14

49. Plaintiff incorporates and realleges all proceeding facts.

50. Ms. Abner has a right against flagrant violations of her right to privacy under the Utah Constitution.

51. Officer Houston's conduct in obtaining and executing an illegal warrant to search Ms. Abner's blood for drugs is a violation of state constitutional privacy and liberty protections.

52. Furthermore, the conduct is flagrant because it is clearly prohibited by Utah law and foundational principles of privacy that were important at the time that Utah's constitution came into being.

53. Due to the excessive force Ms. Abner suffered damages at an amount to be proven at trial.

Seventh Claim for Relief
State Claim—Utah Const. art. I § 7 Procedural Due Process

54. Plaintiff incorporates and realleges all proceeding facts.

55. Ms. Abner has constitutional rights to both liberty and privacy that may not be infringed upon without due process of law.

56. Utah's legislature has decided that forcible entry (including warrants authorizing forcible entry) into a person's home for the purpose of drug use or possession is illegal.

57. Because of that prohibition, warrants of this nature may not be authorized or executed and the authorization and execution of the warrant is unjustified.

58. Due to the deprivation of procedural due process Ms. Abner suffered damages at an amount to be proven at trial.

<u>Seventh Claim for Relief</u>
State Claim—Utah Const. art. I § 7 Substantive Due Process

59. Plaintiff incorporates and realleges all proceeding facts.

60. Ms. Abner has constitutional rights to both liberty and privacy.

61. The very concept of a warrant to enter someone's home to force that individual to submit to a drug test violates foundational principles of the right to privacy guaranteed under the Utah Constitution.

62. Officer Houston's acts in seeking such a warrant and executing it shocks the conscience.

63. Furthermore, Utah's legislature has decided that such a warrant is illegal, protecting the right of liberty and privacy by prohibiting warrants of this nature.

64. Due to the deprivation of substantive due process Ms. Abner suffered damages at an amount to be proven at trial.

DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all matters so determinable.

PRAYER FOR RELIEF

Wherefore, plaintiff requests relief the following relief:

a. For judgment against the defendant including damages, actual, non-economic, and punitive, and for pre-judgment interest.

b.      For an award of reasonable costs of suit and attorneys' fees as allowed by the rules of the court and statute.

c.      For such other and further relief as the Court deems just.

DATED this Monday, December 12, 2022

                                              DEISS LAW, P.C.

                                              /s/ David Ferguson
                                              Andrew G. Deiss
                                              David Ferguson
                                              Corey Riley

                                              *Attorneys for Plaintiff*