Andrew G. Deiss (7184)
David Ferguson (16043)
Corey D. Riley (16935)
DEISS LAW PC
10 West 100 South, Suite 700
Salt Lake City, Utah 84101
(801) 433-0226
deiss@deisslaw.com
dferguson@deisslaw.com
criley@deisslaw.com
   *Attorneys for Plaintiff*

---

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| LESLIE ABNER, Plaintiff, <br><br> v. <br><br> ERIC HOUSTON, in his individual capacity, JOHN DOE I-V; Defendants. | **MOTION TO STAY PROCEEDINGS** <br><br> Case No. 4:22-cv-00096-DN <br><br> Judge Nuffer |

Plaintiff Leslie Abner, by and through undersigned counsel, moves this Court to stay the

proceedings in this case under *Younger v. Harris*, 401 U.S. 37 (1971); or alternatively, through

the court's inherent powers. The facts in this lawsuit are intertwined with an ongoing criminal

case against Ms. Abner in State court. Ms. Abner anticipated that her jury trial would have

occurred on May 2, 2023 while this case was still in its infancy. Exhibit A. Docket. However, the

State filed a motion to continue the trial which Ms. Abner opposed. The court granted the

motion, resetting the trial to August 8, 2023. The parties in this case are set to appear for a case

management conference in this case on May 30, 2023. Ms. Abner requests that the Court issue

an order requiring that the parties file a joint status report with the court about proceeding in this

case within 30 days after the criminal proceedings are concluded (which includes exhaustion of

appeals).

## FACTS

This case arises out of conduct that occurred on December 28, 2018. Officer Houston

drafted a search warrant to enter Ms. Abner's residence in order to search the contents of her

body for drug use. Utah law prohibits an officer from seeking, and obtaining, such a warrant.

Utah Code § 77-7-8(3) and § 77-23-210(8). Ms. Abner refused entry into her home, resulting in a

forceful entry. Officer Houston claims that Ms. Abner resisted the subsequent arrest and injured

him by scratching his face with her phone causing him to bleed. After being taken back to the

station she was instructed to perform a urine test, which she did, and which revealed the presence

of drugs in her system. *See* Complaint.

Charges were filed against Ms. Abner in state court of Aggravated Assault by a Prisoner,

Interference with an Arresting Officer, and Possession of a Controlled Substance. The charge of

Possession of a Controlled Substance was dismissed by the State after a motion was filed

challenging its admissibility. *See* Exhibit A.

Ms. Abner was set for trial on May 2, 2023. Three weeks before trial she filed a motion

requesting a 12-person jury, which is prohibited by state law on a non-capital felony and not

currently required by the 6th Amendment. Exhibit B. Ms. Abner specifically requested that the

trial court agree with her interpretation of a recent decision by the United States Supreme Court

that opens the door to revisiting a prior ruling on this subject. *Id*. Because Ms. Abner's motion challenged the constitutionality of a statute, she was required to provide notice of the challenge to the Utah Attorney General's Office, which she did. Exhibit C.

A week before trial (and 15 days after Ms. Abner's motion was filed), the State requested a continuance of the trial to give the Utah Attorney General's Office additional time to respond. Exhibit D. Later that day the Utah Attorney General's Office filed a notice indicating that it declined to respond to Ms. Abner's motion. Exhibit E. Ms. Abner opposed the continuance and prevailed. Exhibit F. Then, later that day the State made a second motion to continue the trial asking that the State be given more time to respond. Exhibit G. Ms. Abner again opposed the continuance. Exhibit H. The Court, however, granted the motion, and reset Ms. Abner's trial. *See* Exhibit A.

Ms. Abner's counsel reached out to Defendant's counsel on eight separate occasions, through phone call and via email, seeking a stipulation on this motion. The Defendant has not indicated what position it would take on the motion.

Ms. Abner is concerned about being deposed in this matter where her assertions may be shared with the prosecution in her state case in order to gain a strategic advantage at trial. For that reason, Ms. Abner would have waited to file this case until her criminal case was closed, but the statute of limitations prevented her from doing so. Thus, she is currently seeking to preserve rights in both state and federal cases through this motion to stay.

## ARGUMENT

The abstention doctrine the Supreme Court articulated in *Younger v. Harris* requires courts to not interfere with state court proceedings by granting equitable relief—such as

injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court." *Amanatullah v. Colo. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotation marks omitted).

The Supreme Court "based this restraint on notions of comity and federalism, which require that federal courts respect state functions and independent operation of state legal systems." *Phelps v. Hamilton (Phelps II)*, 122 F.3d 885, 889 (10th Cir. 1997). Accordingly, claims for monetary damages associated with the same conduct as occurred in a state court proceeding should be stayed. *D.L. v. Unified Sch. Dist. No.* 497, 392 F.3d 1223, 1228 (10th Cir. 2004) ("[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding. The rationale for *Younger* abstention can be satisfied … by just staying proceedings on the federal damages claim until the state proceeding is final.") (internal citation omitted).

The court must abstain from exercising jurisdiction if "(1) [t]here is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests (matters which traditionally look to state law for resolution or implicate separately articulated state policies)." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003). The Court should conclude that the criteria for abstention are satisfied.

First, the state district court proceeding, which is in the pre-trial motion stage, is ongoing. Second, the state court provides an adequate forum to resolve the claims alleged here. "[A]

plaintiff has an adequate opportunity to raise federal claims in state court unless state law clearly

bars the interposition of the [federal statutory] and constitutional claims." *Id*. (internal citation

and quotation marks omitted). Ms. Abner satisfies this criteria because she is actively litigating

the validity of the defendant's conduct in her case. Third, the Tenth Circuit recognizes that "the

State of Utah has an important interest in its criminal proceedings." *Buck v. Meyers*, 244 F.

App'x 193, 197 (10th Cir. 2014).

Given that all three criteria have been met, *Younger* abstention is mandatory absent

exceptional circumstances, none of which apply here. *Weitzel*, 240 F.3d at 875.

Additionally, where a federal plaintiff has "a substantial stake in the state proceedings" or

has interests that are "intertwined" with the interests of a party to the state proceedings,

abstention—sometimes referred to as derivative abstention—may be appropriate. *Hicks v.*

*Miranda*, 422 U.S. 332, 348–39 (1975). Under such circumstances, "[t]he same comity

considerations" underlying *Younger* "[p]lainly ... apply ...." *Id*. at 349, 95 S. Ct. 2281. Such is the

case here. Accordingly, this court should apply abstention to these proceedings.

### CONCLUSION

Ms. Abner requests that the Court issue an order requiring that the parties file a joint

status report with the court about proceeding in this case within 30 days after the criminal

proceedings are concluded (which includes exhaustion of appeals).

DATED this Monday, May 15, 2023

DEISS LAW, P.C.

 /s/ David Ferguson
Andrew G. Deiss
David Ferguson
Corey Riley

*Attorneys for Plaintiff*