IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LESLIE ABNER,<br>       Plaintiff,<br><br>vs.<br><br><br>ERIC HOUSTON,<br>       Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO STAY PROCEEDINGS<br><br>Case No. 4:22-cv-00096-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Before the Court is Plaintiff's Motion to Stay Proceedings.[1] For the reasons discussed, the Court GRANTS the motion.

## I.  BACKGROUND

Plaintiff Abner brought these 42 U.S.C. § 1983 claims after Defendant Houston, a member of the Garfield County Sheriff's Office, allegedly arrested her unlawfully on December 28, 2018. She alleges Defendant used unreasonable and unnecessary force during the arrest, which resulted in Plaintiff's physical injuries and emotional distress.

Police sought a warrant after conducting three welfare checks at Plaintiff's home due to Plaintiff's paranoia that officers were following her and hacking her electronics. The warrant was to search the contents of Plaintiff's body for drug use; she asserts such a warrant is illegal under Utah law. When officers came to execute the warrant at Plaintiff's home, she refused entry. Officers allegedly forced their way inside, arrested Plaintiff, and instructed her to perform a urine test which revealed the presence of drugs in her system. She is now facing criminal charges in state court for these offenses.

---

[1] Docket No. 10, filed May 15, 2023.

1

Plaintiff requests that this Court stay these proceedings until her underlying criminal case is resolved in state court. Trial in that case is set to begin on August 8, 2023.[2] Plaintiff argues that if discovery is not stayed and she is deposed, her assertions may be shared with the state prosecutors in her pending criminal case. Plaintiff further alleges she had to file this civil lawsuit before the criminal case ended because there is a four-year statute of limitations on § 1983 claims.[3] Defendant has not filed a response to the motion, and the time to do so has expired.[4]

## II.  DISCUSSION

In a civil action, the Court has broad discretion to issue a protective order and stay discovery if the interests of justice so require.[5] Provided good cause is shown, a protective order or stay may be warranted to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.[6]

"Federal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action."[7] While "[t]he Constitution . . . does not ordinarily require a stay of civil proceedings pending the outcome of

---

[2] *See State of Utah v. Abner*, Case No. 181600092; Docket No. 10-1, at 27.

[3] *See e.g.*, *Bruce v. Ogden City Corp.*, 1:20-cv-00034-DBB-DBP, 2022 WL 17225677, at *5 (D. Utah Nov. 8, 2022) ("In Utah, the statute of limitations for general personal injury actions is four years.")

[4] DUCivR 7-1(a)(4)(D)(ii).

[5] *See Trs. of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995); *see also Brancato v. Panio*, No. 12-cv-02338-MSK-MEH, 2012 WL 6137472, at *1 (D. Colo. Dec. 7, 2012) ("[t]he decision to issue a protective order and . . . stay discovery rests within the sound discretion of the trial court") (citing *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990)); *Windham for Marquis Props., LLC v. Snyder*, No. 2:18-cv-00063-RJS-EJF, 2018 WL 4100512, at *2 (D. Utah Aug. 28, 2018) ("[a] trial court has the inherent power to stay civil proceedings").

[6] Fed. R. Civ. P. 26(c).

[7] *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970) (internal citations omitted).

criminal proceedings . . . a court may decide in its discretion to stay civil proceedings."[8] When determining whether to grant a stay, the Court "must weigh competing interests and consider the effects of the stay on the Court's docket, on counsel, and on the litigants."[9] The Court considers several relevant factors in making such a decision: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burdens on the defendants; (5) the interests of the courts; and (6) the public interest.[10]

Here, all six factors weigh in favor of staying the proceedings until the criminal proceedings are concluded. First, the issues in Plaintiff's § 1983 claims overlap with those in the

---

[8] *SEC v. Dresser Indust.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980); *see also Wallace v. Kato*, 549 U.S. 384, 393–94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended"); *Brancato*, 2012 WL 6137472, at *2 (citing *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009)); *Ben Ezra, Weinstein, & Co. v. Am. Online, Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) ("[w]hen applying for a stay, a party must demonstrate a clear case of hardship or inequity if even a fair possibility exists that the stay would damage another party") (internal citations and quotations omitted); *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1236 (N.D. Okla. 2003) (collecting cases).

[9] *Utah v. Eli Lilly & Co.*, 509 F. Supp. 2d 1016, 1019 (D. Utah 2007); *see also Gale v. Brinker Int'l Payroll Co., L.P.*, No. 1:09-cv-129-TS, 2010 WL 3835215, at *1 (D. Utah Sept. 29, 2010) (encouraging the court to consider whether a stay would "promote judicial economy," "avoid confusion and inconsistent results," and "unduly prejudice the parties or create undue hardship"); *Creative Consumer Concepts, Inc.*, 563 F.3d at 1080 (courts must consider the extent to which a party's Fifth Amendment rights are implicated, even though a defendant does not have an absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege).

[10] *M.D. Diet Weight Loss & Nutrition Clinic, LLC v. Absolute Weight Loss & Nutrition Ctr., LLC*, No. 2:05-cv-605 TS, 2006 WL 2471524, at *1 (D. Utah Aug. 24, 2006) (quoting *Trs. of the Plumbers and Pipefitters Nat'l Pension Fund*, 886 F. Supp. at 1139 (internal citations omitted)); *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d at 1236 (collecting cases).

criminal case; the civil complaint arose from conduct that occurred during Plaintiff's arrest. Second, the criminal case is set for trial in approximately one month and very little has happened in the civil case. Third, Plaintiff seeks a stay to protect her interests. The only reason she did not wait longer to file her civil lawsuit was due to the statute of limitations. Fourth, Defendant Houston has not raised any concerns with a stay, so it is unlikely that he will be prejudiced by a delay in these proceedings. Fifth, the Court's interests in the just, speedy, and inexpensive determination of every action and proceeding are aligned with Plaintiff's request for a stay. Although the proceedings will be halted for a period of time, such stay is necessary to reserve resources and ensure fairness to both sides. Finally, the interests of the public will not be harmed or significantly impacted by this delay.

### III. CONCLUSION

For the reasons discussed, the Court GRANTS Plaintiff's Motion to Stay Proceedings, Docket No. 10. This case is hereby STAYED pending resolution of the underlying state court criminal matter. The parties are directed to meet and confer to file a joint status report and proposed scheduling order with the Court within 30 days after the criminal proceedings are concluded (including exhaustion of appeals).

SO ORDERED this 26th day of June, 2023.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge